TREASURER of the STATE

*against*

EZRA MOORE, SOLOMON STANTON, and CHARLES
AMES.

*SCIRE FACIAS*, to shew cause why a writ of execution should not issue against them for the penal sum of a bond of recognisance entered into by them for the personal appearance of *Ezra Moore*, at the Supreme Court at their term holden in this County, on the first *Tuesday* of *January*, 1800, to answer to an indictment presented against him by the Grand Jury. The writ signed by *Solomon Miller*, Clerk of the Court, served as therein directed by attachment, and returned to the *January* term, 1802.

Writ of *scire facias* may be signed by the Clerk of the Court, and may issue as an attachment.

The defendants demurred, and set down for causes specially,

First. That the writ of *scire facias* issued as an attachment, when by law it should have issued as a summons.

Secondly. That it was signed by the Clerk, when it should have been signed by one of the Judges of the Court.

By the Court. This is a dilatory plea. Should it not have been pleaded in abatement?

*Samuel Miller.* I am sensible these defects in the process might have been pleaded in abatement; but I was not engaged until the present term. A

doubt had arisen whether the time for pleading a di-latory plea had not passed; and though I am inclined to think that the Court would consider the present sitting to be as of the stated term, yet as we consider these defects may be well taken advantage of in de-murrer, we have preferred this mode.

Court. Granting that the adjourned is but a pro-longation of the stated term, yet as the term to plead in abatement is restrained by the rule to the second day of the term, have you not waived your abate-ment? However, let the cause proceed. The Court will not permit Mr. Attorney to demur to a demur-rer. But let it be well understood, that if the Court decide against the demurrer, they will not, in this case, award a *respondeas ouster*, but will render a judgment in chief.

*Miller.* The 27th section of the judiciary act enacts, " that all writs of error, writs of *scire facias*, writs of review, and other writs, the service of which is not particularly directed by statute, where the de-fendant, respondent, or party on whom the service is to be made, is an inhabitant or occasional resident in this State, shall be served in the same manner as is before provided in this act for the service of writs of summons." This refers to the preceding section, which enacts, " that all writs of summons shall be served on the defendant or defendants, by delivering him, her, or them a true and attested copy of said writ, with the officer's return thereon, or by leaving such copy at the house of his, her or their usual place

of abode, with some person of sufficient discretion resident therein."

The 31st section of the same act, it is true, enacts, " that writs of *scire facias* against bail may issue as attachments against the goods, chattels, or estate of such bail, and for want thereof against the body or bodies of *such bail*, as in original process." But the statute here manifestly refers to such writs of *scire facias* as may be issued against bail upon mesne process, and not against bail entered upon recognisance for the personal appearance of a delinquent in Court. For the 32d section explains the bail alluded to, " that when such surety or sureties shall have indorsed his, her or their names as bail as aforesaid," &c. This certainly cannot allude to bail on recognisance, where no such indorsement is made. The statute also speaks of *such bail*, expressly referring to the bail before treated upon in the statute, which is entirely silent upon the subject of bail entered into by way of recognisance. Indeed the whole subject matter of the statute, from the 24th to the 33d section, both inclusive, is civil process.

*Per Curiam.* The Court do not incline to hear upon the second point. The statute provides, " that every writ or process, originally returnable to the Supreme Court, shall be signed by a Judge or Clerk of the same." It is true there are certain writs issuing originally from this Court, which the Clerk is not empowered to sign; but the only distinction between those which he may or one of the Judges must sign, is, where the granting of the writ is of discretion or of right. The *scire facias* is a writ which issues mi-

Treasurer
v.
Moore et al.

nisterially, and the plaintiff hath a right to demand it, and the Clerk may sign it. But writs of *audita querela*, error, &c. the issuing of which depends on the sound discretion of the Judge, he cannot sign.

The first exception is, that the writ should have been issued as a summons, and not as an attachment. The Court do not consider the case of bail entered upon a recognisance as a *casus omissus* in the statute, but do consider that the 31st section of the judiciary act covers all writs of *scire facias*. It is said the statute is here treating of civil process. This is correct. But the recognisance taken for the appearance of a delinquent to answer to an indictment, is a civil contract between the government, represented by the Treasurer, and the recognisors. The whole course of practice, since the promulgation of the statute, has been, where the occasion required, to issue writs of attachment against the bail on such recognisances.

Judgment, that demurrer is insufficient.

*W. C. Harrington*, for the State.
*Samuel Miller* and *John Fay*, for defendants.

MOTION for a writ of *procedendo*.

*Harrington*, State Attorney, at this term moved the Court for a writ of *procedendo*, directed to *Chittenden* County Court, commanding the Judges to proceed, hear, try and determine a certain cause between the State and one *Ross*, who had been arrested to answer in that Court for a larceny in stealing a buffaloe skin, upon an information filed *ex officio* by the State Attorney.

The facts upon which the motion was grounded, appeared to be,

That *Ross* had been arrested and arraigned upon the information, and pleaded not guilty, and put himself on the country for trial. A Jury was impanelled; but upon the trial the Judges of the County Court, discovering the chattel alleged to be stolen to be of small value, they considered the information to have been improperly brought before their Court, but the offender ought to have been tried by a single magistrate. The County Judges, without consulting the State Attorney, peremptorily dismissed the Jury, and ordered the prisoner to go without day, who immediately fled into the *British* dominions, and hath not returned since.

In support of his motion, Mr. Attorney read part of the 8th section of the judiciary act, " That the Supreme Court of Judicature shall have power to issue

writs of *mandamus* warranted by the principles and usages of law to any Courts appointed or persons holding office."

Motion not granted.